## Commercial and Rail Road Bank, Appellant, v. Helderburn.

A judgment recovered in one county is a lien on the property of the defendant in any county in the state.

Where the junior judgment creditor levies and sells first, he will be entitled to the proceeds of his levy, and the purchaser will take the property subject to prior liens.

APPEAL from the circuit court of the county of Warren.

Two judgments were recovered in the circuit court of Warren county against William Harvey, that in favor of the appellee on the 8th of May, 1839, and the other in favor of the appellants on the 22d day of May, 1839. Executions were regularly issued, and forthcoming bonds taken, and forfeited. On the forfeited bonds executions again issued, which were levied on land returnable to the April term, 1840, but the land was not sold for want of time. Writs of *venditioni exponas* were thereupon issued, returnable to November term, 1840, under which the sheriff sold the property on the 19th of October, 1840.

The appellants had also recovered another judgment against same defendant as security for Moon in the circuit court of Wilkinson county, which last mentioned judgment was the oldest of the three, having been rendered on the 6th of May, 1839. A fieri facias was regularly issued to the sheriff of Wilkinson county, and returned *nulla bona*. An alias was then issued to the sheriff of Warren county, who levied on the same land on which the other executions had been levied, but returned the execution not sold for want of time. A *venditioni exponas* was issued, but it did not come to the hands of the sheriff of Warren county until after he had advertised to sell under the other executions, and in fact only a few days before the sale. He accordingly did not sell under that *venditioni.*, but proceeded to sell under those which had emanated from the circuit court of Warren county.

On this state of facts, the appellants moved to have the proceeds of sale applied to the discharge of their judgment in Wilkinson county, on the ground that it was a prior lien, and entitled to prior satisfaction. The court, however, applied the proceeds to the dis-charge of the Warren county judgments, holding that the judgment in Wilkinson county was not a lien in Warren.

Miles, for the appellant.

The rule is believed to be universal, that a prior lien gives a right to prior satisfaction out of the fund or thing bound by the lien. See 12 Wheaton, 177; 1 Peters, 387; 1 Johns. Chan. Rep. 512; 13 Johns. Rep. 463.

The statute of 1824 makes a judgment a lien on *all* the property of the defendant from the *time* of its rendition. The lien thus created was co-extensive with the limits of the state; and bound property in *one county* as well as *another.* How. & Hut. Dig. 621, sec. 43.

The judgment which is a lien on *property* is also a lien on the *proceeds* while in the sheriff's hands. Beal *v.* Allen, 18 Johns. Rep. 363; 4 How. Rep. 185–6; Smith *et al. v.* Everly *et al.*; Walker's Rep. 430; 1 How. Rep. 236.

The first, fourth, and fifth positions taken by counsel for appellee are met directly and completely overthrown by the authorities cited.

The second position taken by counsel for appellee is not law. The judgment is a *lien* against the *indorser* as well as the *maker* from the *time* of its rendition. And the statute only prescribes that the indorser shall not be compelled to *pay* the judgment until the maker is prosecuted to *insolvency.* It appears from the record that the requisite affidavit of the *insolvency* of the maker was filed *before the sale.*

The third position assumed by counsel for appellee is equally untenable. Execution was issued to the sheriff of Wilkinson county, and returned "*nulla bona.*" Afterwards, an execution was directed to the sheriff of Warren county. So far from laches being attributable to appellant, we think a persevering industry seldom equalled, has marked every step of appellant. Besides,

the mere failure to prosecute vigilantly, is not such laches as to give *junior* judgments a preference.  12 Wheaton, 177.

The suggestion thrown out by counsel that there is *other* property liable to appellant's judgments, cannot avail any thing here. The record shows no such fact; and even if it did, this court could not notice it.  It would perhaps have been a proper case for an *injunction* to compel appellant to resort to a *particular fund*.

The judgment of the court below is clearly erroneous, on both principle and precedent, and this court cannot hesitate to reverse it.

Taylor, for appellees.

It is contended by the counsel for the plaintiffs in the Warren judgments that the judgment should be affirmed:

1st. Because the judgment of the circuit court in one county is no lien in another.

. 2d. Because when a judgment is against makers and indorsers, there is no lien until the execution could be enforced against indorser, which could not be before affidavit was made that maker had no property, &c.

3d. It appears that the judgment was rendered in Wilkinson, 6th May, 1839, yet no execution issued to sheriff of Warren county until after the fall term of 1840, which evinces a laches that destroys lien, if there was any.

4th. The property was levied upon and advertised and sold, under the Warren county judgments, and therefore proceeds of sale rightly appropriated to them.  No venditioni issued on the Wilkinson judgment until a few days before the sale day, which was a delay that gives preference to the other judgments.

5th. Or that remedy of appellant is not an order for the money to be paid to him, but under his existing lien on the property, if there be one.

It is now suggested that there was other property subject to appellant's judgment, if it operated as a lien in Warren, out of which his money might have been made, which was not subject to the judgments of appellees, having been sold previous to date of their judgments.  If this court would notice such a suggestion for the purpose of remanding the proceedings to try that fact, should its

Commercial and Rail Road Bank, Appellant, *v.* Helderburn.

opinion be against appellees on the points presented by the record? This, however, was not mooted in circuit court.

Mr. Chief Justice SHARKEY stated the case and rendered the opinion of the court.

The decision below was a correct judgment, but rendered on a wrong reason. A judgment in one county is a lien all over the state, under the act of 1824. The circuit courts are courts of general jurisdiction, and their acts are as binding in one part of the state as another.

The merits of this case are fully settled by the decisions at the present term, in the cases of the Commercial Bank *v.* Granius, and Andrews *v.* Wiker. The sale under the junior judgments did not divest the lien of the elder, and as the plaintiffs in the junior judgments had a right to sell, subject to the prior lien, they are entitled to the fruits of that sale. They sold but an encumbered property, and as they did not thereby disturb the lien of the elder judgment, there can be no reason for applying the proceeds of their sale to a lien which is still in force, and which may re-sell the property.

Judgment affirmed.